THE COMMISSIONERS OF GRANVILLE COUNTY v. WM. H. BALLARD.

The Act of 1872–'73, chap. 143, which changes the dividing line between the counties of Granville and Franklin, and thereby adds a portion of the territory of the former to the latter county, is constitutional, not being necessarily in conflict with the provision of the 5th section of the 2d article of the Constitution relating to the Senatorial Districts, nor with the provision of the 6th section of the same article, which relates to the apportionment of members in the House of Representatives.

Where a statute may be construed, without violence to its provisions, in a sense which would make it constitutional, a Court will give it that construction, rather than a contrary one, which would make it unconstitutional and void.

The case of *Mills* v. *Williams*, 11 Ired. 558, cited and approved.

This was a CIVIL ACTION, in which the plaintiffs sought by an injunction to restrain the defendant from proceeding to act under the Act of 1872–'73, chap. 143, entitled, " an Act to change the dividing line between the counties of

Franklin and Granville," and thereby to take away a portion of the territory of Granville county, and to add to the county of Franklin. Upon presenting the complaint to *Watts, J.,* at CHAMBERS, on the 26th day of March, 1873, he granted the injunction prayed for, and the defendant having filed his answer, the case came on to be heard upon a motion to dissolve it before his Honor, *Albertson, J.,* at the Spring Term, 1873, of GRANVILLE Superior Court. The motion to dissolve was granted, and the plaintiffs appealed.

*Venable,* with whom was *B. F. Bullock, Jr.,* for the plaintiffs. *J. J. Davis, Cooke* and *Spencer,* for the defendants.

RODMAN, J. The view which we take of this case on the merits, dispenses with the necessity of noticing any other objections to the complaint.

The plaintiffs contend that the Act of 1872–'73, chap. 143, page 224, is unconstitutional, because a result of it will be to transfer a part of Granville county from the Twenty-first Senatorial district to the Seventh, to which the county of Franklin belongs. Sec. 5, of Art. 2, of the Constitution provides that after each census the Legislature shall divide the State into districts, each of which shall elect one or more Senators, as may be prescribed, and the districts so laid off shall remain unaltered until after another census.

The general power of the Legislature to alter the boundaries of counties, to create new ones or to destroy a county by consolidating it with another, is not denied. *Mills* v. *Williams,* 11 Ired. 558. If therefore the supposed unlawful result is not a necessary one in the present case, the objection has no application.

The Act in question does not in terms produce such a result; it does not refer in any way to Senatorial districts. It is a familiar rule of construction that where a statute may be construed without violence to its provisions in a sense

which would make it constitutional, a Court will give it that construction rather than a contrary one, which would avoid it.

In the present case we see no sufficient reason why the Act in question should not be valid for all the purposes that it apparently contemplates, and invalid so far as it might change the Senatorial districts. The voters in the detached territory may still vote in the Twenty-first district for Senator, though for all purposes but voting, inhabitants of Franklin. There may be some inconveniences in this, but none that we can foresee which are insuperable, or so great as to require us to declare an Act of Assembly void which a Court can do only when there is a *necessary* conflict with the Constitution.

The counsel for the plaintiff in his well considered and and able argument, insists that this view of the effect of the Act is inadmissible, because it would make a part of a county (viz: Franklin,) belong to a different district from the rest of it, which is forbidden by the section of the Constitution cited above. But we think that provision only applies to the original laying off of the districts, and not to a change in the line of a county subsequently made, by which the result is incidently brought about.

The learned counsel referred us to a case from New York and one from Massachusetts. We feel great respect for the judgments of those Courts, and upon all questions of general law they are authorities of much weight. But upon a question as to the effect of purely local legislation, the decisions of other States can rarely be considered guides. There are almost constantly differences greater or less which affect the conclusion. The conclusion of the Virginia Court in *Wade* v. *City of Richmond,* 18 Grat. 583, seems to us the better one.

These observations also meet a similar argument of the plaintiff, founded on sec. 6, of the same Article of the Con-

stitution, which requires an apportionment of members of the House of Representatives, to be based in part on the population of the several counties after each census.   So far as the Act would operate to defeat this provision of the Constitution it is inoperative.

PER CURIAM.   Judgment of the Superior Court dissolving the injunction affirmed, and as the action has no object but the injunction, it is dismissed.