VALENTINE MAUNEY and others v. THE BOARD OF COMMIS-
SIONERS OF MONTGOMERY COUNTY and others.

A Judge of a District, other than that in which a case is pending, has
authority to issue in such cause a restraining order; although he can-
not vacate or modify the same.

County Commissioners, by auditing and allowing debts contracted prior
to the adoption of the Constitution, do not so change their character
as to subject them to the restriction contained in the Constitution rel-
ative to taxation.

A *mandamus* issued against the Commissioners of a County, command-
ing them to assess, levy and collect taxes, sufficient to pay off the in-
debtedness of the county, does not warrant them in levying taxes in
any other manner, or at any other time, than that prescribed by law;
to wit: at their regular meeting on the first Monday in February.

The Constitutional limitation and equation of taxation do not apply to
debts made previous to the adoption of the Constitution; to debts
contracted since the adoption of the Constitution, they both apply.

(*Bear* v. *Cohen,* 65 N. C. Rep. 511, cited and approved.)

MOTION to vacate a restraining order, heard before *Buxton,*
*J.,* at the Spring Term, 1874, of Montgomery Superior Court.

The defendants moved to vacate a restraining order, made
at Chambers, by his Honor, Judge Tourgee, of 7th Judicial
District, on the 16th day of February, 1874. This motion,
after objection, was allowed by the Court, with costs.

The plaintiffs thereupon moved for an injunction order, in
like terms and of the same import as the distraining order just
vacated. The Court upon consideration of pleadings, proofs,
&c., issued an order restraining the defendants from collecting
certain portions of the taxes levied, &c. From this order, both
plaintiffs and defendants appeal.

The following are the points made and decided upon the
hearing below, and at the request of the counsel for both parties,
stated by the presiding Judge and presented to this Court as
part of the transcript :.

By the plaintiff :.

(1.) As to the restraining order of Judge Tourgee. This order was made by him at Chambers, while holding a Special Court at Raleigh. He was thus not only outside of the 5th District, where the cause was pending, but also outside of his own, which is the 7th District.

The counsel for plaintiffs insisted that Judge Tourgee had jurisdiction, by reason of C. C. P., sec. 188, by force of the words, " The order " (injunction) " may be made by *any* Judge of a Superior Court," &c.

The Court was of opinion that section 188 must be construed in connection with section 345 ; the injunction being by order in the cause, the application for the order is a *motion*, (see sec. 345, sub-division 1,) and according to sub-division 3, " *motion* must be made within the district in which the action is triable." The Court was further influenced in opinion by the fact, that the Supreme Court had decided in *Bear* v. *Cohen*, 65 N. C. Rep., 511, that a district Judge could not vacate injunction, except in cases pending in his own district; also by the incongruity of having the same cause pending before different Judges at the same time. For these reasons, the Court held, that the restraining order in the cause, made by his Honor, Judge Tourgee, was *ultra vires* and without authority.

And secondly, should the Court be mistaken in this view, and the subject matter was within the jurisdiction of Judge Tourgee, the Court held, that the restraining order was too broad, and should be modified; and a modified order was accordingly made by the Court and entered upon the minutes.

Plaintiffs excepted.

(2.) A second objection taken by the counsel for the plaintiffs to the order of the Court, wherein it differs from, and modifies the terms used in the restraining order, may be stated thus :

A portion of the claims against the county were for the services rendered previous to the adoption of the present State Constitution, and were audited and allowed by the County Commissioners after the adoption of the Constitution. The plaintiffs insisted, that auditing these claims and allowing them,

was a novation of them, which changed the character of the debts, making them new debts, to all intents and purposes, instead of old, and subjecting them to the restriction, so far as the power of taxation is concerned, which are contained in the present Constitution, applicable to county indebtedness.

The Court ruled otherwise, being of opinion that the auditing a claim should not be allowed to have the effect of impairing its value, or detracting from its guarantees of payment. Plaintiffs again excepted.

(3.) The next objection urged by the plaintiffs' counsel was, that the law did not admit of two taxes being assessed and levied by the county authorities in one year; and that as the County Commissioners had assessed a tax at the usual time, under the general State law, they could not be registered by the Court, through *mandamus*, to assess a second tax the same year.

His Honor ruled, that so far as the old debts of the county were concerned, that is, debts contracted before the present Constitution, it was the duty of the Commissioners to provide for their payment in full by taxation or otherwise; whether it took one or more assessments during the year. In regard to the new debts, his Honor ruled, that inasmuch as they were contracted with a knowledge of the constitutional restrictions upon the county authorities, in regard to taxation, the County Commissioners must observe the constitutional limitation, and not assess more than double of the tax for State purposes in any one year; and if the County Commissioners had not exhausted their authority by going to the full extent the law allowed, in making the first assessment, then it was their duty to reach that point by a second assessment, if necessary to pay off the just indebtedness of the county. This duty, his Honor was of opinion, it was in the province of the Court to enforce, after judgment, by *mandamus*. Plaintiffs again excepted.

By the defendants:

(1.) The counsel for the defendants excepted to the order made by the Court, in so far as it made a discrimination between

" *old* and *new* " debts against the county; defendants contending that after debts were reduced to judgments, the debts were placed on the same footing; and that it became the duty of the County Commissioners to pay them without discrimination, and without regard to supposed constitutional limitations or restrictions; and in default of their doing so, it was the duty of the Court to compel payment absolutely by *mandamus*.

His Honor ruled otherwise, and the defendants excepted.

The following acts of Assembly were called to the attention of the Court:

Act 1872–'73, chap. 65, entitled "An act to authorize the Commissioners of Montgomery county to levy a special tax;" ratified 19th February, 1873. This act failed to be ratified by a vote of the people, as required in section four.

Also an act, 1871–'72, chap. 149, entitled " An act authorizing the Commissioners of Montgomery county to levy a special tax and issue bonds;" ratified the 8th February, 1872. This act failed to be ratified by a vote of the people as required in section 8.

Also act of 1869–'70, chap. 87, entitled "An act to allow the County Commissioners of Montgomery county, to levy a special tax;" ratified the 17th March, 1870. The tax authorized not to exceed $1,000.

It was in evidence that the amount raised by taxation under this last act, viz: $7,000, was absorbed by county claims, other than those embraced in the judgments referred to in the pleadings.

It was conceded for the purposes of this action, that the *new* claims, *i. e.*, those contracted originally since the adoption of the present Constitution, are valid claims against the county. There was evidence of the validity of the rest of the claims, and no evidence to the contrary.

From the rulings of his Honor, the plaintiffs appealed, for the reasons set forth in the foregoing exceptions.

*McCorkle & Bailey*, for appellants.

*Battle & Son*, contra.

Settle, J.   I am of opinion with his Honor Judge Buxton, and for the reasons given by him, which I will not repeat, as the reporter will set them, that his Honor Judge Tourgee had no power to issue the restraining order mentioned in the pleadings.

But as my associates are of a different opinion, the Court holds, that the power does exist, under section 188 of the Code of Civil Procedure, and the argument of public convenience is also invoked in aid of this construction.

But practically, in this case, the exception amounts to nothing, for while an injunction by order may be made by any Judge of a Superior Court, yet it is conceded that the Judge of a district, and he alone, has authority to vacate or modify injunctions in causes pending in his own district; saving of course the exceptions which arise upon an exchange of districts, special terms, &c.   *Bear* v. *Cohen,* 65 N. C. Rep., 511.   Therefore the exception to the mere fact that his Honor modified the restraining order of Judge Tourgee cannot be maintained.

Let us now look to the order of Judge Buxton, which must stand or fall by itself.

1. We affirm his ruling in respect to what is called the novation of the old debt.   Not to do so would be to adopt the absurdity that so long as one chooses to hold an old debt, it is better than a new debt, but the moment he tries to collect it, and gets a judgment, it becomes a new debt, no better than other new debts.

This idea, for reducing old indebtedness to the level of the new is at least entitled to the merit of novelty.

2. Have County Commissioners power to assess, levy, and collect taxes more than once in a year?   "All taxes shall be levied at their regular meeting, on the first Monday of February."   Bat. Rev., chap. 27, sec. 8, (1.)

The fact that a writ of *mandamus* had issued against the commissioners, commanding them to assess, levy and collect taxes, sufficient to pay off the indebtedness of the county, could not warrant them in levying taxes in any other manner, or at

any other time than is prescribed by law. The *mandamus*, must be understood to mean that they shall levy and collect, according to the general law governing the subject.

3. We concur in his Honor's views as to the constitut ional limitation and equation of taxation to be applied to the different orders of debt.

They may be disregarded as to old indebtedness, but must be applied to the new.

So many cases involving the determination of these questions have been before this Court since the adoption of our present Constitution, that we do not feel called upon to discuss the matter further.

This disposes of all the exceptions presented by the record. Let this opinion be certified, &c. Modified and remanded.

PER CURIAM.                          Judgment accordingly.