The plaintiff moved for a mandamus to compel the defendant to levy a uniform tax upon the whole county of Dare to pay a judgment (566) theretofore rendered in favor of the county of Currituck; but the defendant insisted that the tax should be collected only out of that portion of Dare county which was taken from Currituck. His Honor allowed the plaintiff's motion and the defendant appealed.
The county of Dare was formed out of parts of the counties of Currituck, Tyrrell, and Hyde, under an act of the General Assembly, ratified and taking effect on 3 February, 1870, Laws 1869-'70, ch. 36. Section 17 of the act directs the organization of the county after a popular vote of approval from the electors residing within its proposed limits, and then follows this proviso: "That that portion of the citizens taken from the county of Currituck and attached to the county of Dare shall not be released from their proportion of the outstanding county debt contracted for public improvement before the passage of this act, to be determined by the county commissioners of Currituck and Dare counties." The debt referred to has been adjusted between the counties, and the share alloted to Dare is 15 11-20 per centum, and the commissioners of Currituck have recovered judgment against the commissioners of Dare for five thousand nine hundred and seventy-two dollars, their apportioned part of the ascertained debt of Currituck, reserving the right to prosecute a claim for Dare's ratable share of the disputed debt which may be hereafter adjudged. On the *Page 423 
hearing of the application for a mandamus to compel the levy of the necessary tax to meet the judgment, the plaintiff moved that the order direct an assessment upon all the persons and taxable property within the county of Dare, while the defendant moved that the assessment be confined to that portion of the territory severed from Currituck. The Court refused to restrict the assessment and ordered it to (567) be made upon the persons and taxable property of the whole county, and from this the defendant appeals.
The only point before this Court then is as to the correctness of this judgment requiring an assessment upon the whole county. In the case of theCommissioners of Granville v. Ballard, 69 N.C. 18, and Moore v. Ballard,Ib., 21, a portion of Granville had been detached and annexed to Franklin by the act 1872-'73, ch. 143. Two objections were made to the validity of the act. 1st. That the change of boundary disturbed the senatorial districts and violated Art. II., sec. 5 of the constitution. 2nd. That the exemption of the taxable property on the transferred territory diminished the ability of Granville county to pay its debts, and pro tanto impaired the security of the creditors for the payment. Both objections were declared untenable because no alteration in the political divisions of the State had been made — the vote being taken as before the dismemberment; and while the boundary lines between the counties were changed for some purposes, they were not changed so as to affect the senatorial districts. And it was further declared that the creditors of Granville county had no such lien on the taxable property therein as prevented its removal, if personalty; or its transfer to another county, if land; and especially was this so, as the act declared that Franklin should assume its proper share of the debt of Granville.
A similar clause is contained in ch. 182, Laws 1871-'72, providing for the apportionment of the debt of Craven county, between it and Pamlico, which was formed entirely out of the territory of the former. In our case the provision is not that Dare county shall bear itsproportional part of the public debt for internal improvements incurred by Currituck county, but only that the citizens and their taxable property
on the transferred territory shall continue liable for their share of it, as has since been ascertained. In other words, for the purpose (568) of paying this debt they shall remain as if still a part of Currituck, the only change being that this tax must be levied by the new county authorities as the authorities of Currituck would have levied it before the transfer. In our opinion this was equitable and just, and the other parts of Dare county should not be held liable. Indeed it would seem that neither would the new county nor the portion taken from Currituck be liable for any part of this debt in the absence of *Page 424 
legislative provision. The municipal corporation of Currituck retaining its identity would alone possess its corporate property and corporate rights, and alone remain responsible for its corporate obligations. There are numerous authorities to this effect, but we are content to make a single citation:
"So in Massachusetts it has been held that if a new corporation is created out of the territory of an old corporation, or if part of its territory or inhabitants is annexed to another corporation, unless some provision is made in the act respecting the property and existing liabilities of the old corporation, the latter will be entitled to all the property and be solely answerable for all the liabilities." 1 Dillon Mun. Corp., sec. 128, and numerous cases referred to in note.
And again the author says: "But upon the division of the old corporation and the creation of a new corporation out of part of its inhabitants and territory, or upon the annexation of part to another corporation, thelegislature may provide for an equitable appropriation or division of the property, and impose upon the new corporation or upon the people and territory thus disannexed, the obligation to pay an equitable proportion of the corporate debts." Ib., sec. 129. The provision suggested is contained in this act for the formation of a new corporation out of the dismembered parts of the three other corporations.
It is contended that the general judgment recovered by (569) Currituck county charges the entire county with the debt, and it is now too late to raise the question. We see no force in the objection. The judgment does indeed ascertain the share which properly belongs to Dare, but how it shall be paid, so that it is paid, is a matter wholly immaterial to the plaintiffs and does not affect their rights. The law does not subject the taxable property of the whole county, but only the transferred part to an assessment to meet the debt, and the Court has no power to command to be done what the defendant has no legal right to do. The mandate should be confined to the enforcement of the exercise of the taxing power lodged in the authorities of Dare, but the mode of doing this is controlled by the law of its own creation, and must be used in accordance with adjudged cases. Mauney v. Commissioners of Montgomery,71 N.C. 486. We therefore declare that there is error in the record, and the judgment below is reversed. This will be certified to the end that the judgment be modified in accordance with this opinion.
Reversed.
Cited: Watson v. Com'rs, 82 N.C. 17; McCormac v. Com'rs, 90 *Page 425 90 N.C. 441; Com'rs v. Com'rs, 95 N.C. 189; Com'rs v. Com'rs, 107 N.C. 297;Board Education v. Com'rs, 111 N.C. 585; Com'rs v. Com'rs, 157 N.C. 519.