THE COMMISSIONERS OF VANCE COUNTY v. THE COMMIS-
SIONERS OF GRANVILLE COUNTY.

*Counties— County Commissioners—Division of Counties— Out-
standing Indebtedness — Taxes—Sufficient Cause of Action—
Necessary Parties.*

1. The county of Vance was created by act of Assembly, passed March
5th, 1881, but it was expressly provided that the citizens and prop-
erty taken from the counties of Granville and Franklin, for such
purpose, should not be released from their proportions of the out-
standing public debt of said counties contracted before the passage
of the act, the proportions to be determined by the County Commis-
sioners of the three counties. In an action by the Commissioners of
Granville against the Commissioners of Vance, it appeared that
the former had, and the latter had not, appointed any commis-
sioner or taken other steps to arrange a settlement, and the relief
provided by statute was sought in Court. The defendants denied
that the outstanding debt was as large as alleged, and claimed
that the proceeds of some real estate sold, after the passage of the
act, by order of the county of Granville, ought to be applied in
discharge of the debt: *Held*, (1) that these facts constitute a suffi-
cient cause of action; (2) that the Commissioners of Franklin were
not necessary parties in an action to adjust the matters of differ-
ence between Granville and Vance; (3) the citizens of the new
county created were, for the purpose of the collection of the said
outstanding debt, citizens, respectively, of their old counties.

2. The outstanding debt should be reduced by the amount of taxes col-
lected in 1880 (but paid after March 5th, 1881) above what was
necessary for current county expenses, and also by the amount of
such taxes as were a balance in the hands of the County Treasurer
on September 1st, 1881.

3. The taxes of the year 1880, collected for current county expenses and
applied to that purpose between March 5th and September 1st,
1881, should not have been applied in reduction of the outstanding
indebtedness.

4. *Quære:* As to whether the proceeds of land not necessary for county
purposes, sold *prior* to the creation of the new county, could be
applied in discharge of the debt outstanding before division.

This was a CIVIL ACTION, tried at Spring Term, 1890, of VANCE Superior Court, before *Boykin, J.*

The county of Vance was created by, and organized under, and in pursuance of, the statute (Acts 1881, ch. 113), and, as to its territory, it is composed of detached parts of the counties of Granville, Franklin and Warren. The fifteenth section of that statute provides as follows: "That that portion of the citizens and taxable property taken from the counties of Franklin and Granville and attached to the county of Vance, shall not be released from their proportion of the outstanding public debts of the said counties of Granville and Franklin contracted before the passage of this act; said proportions to be ascertained and determined by the County Commissioners of Granville, Franklin and Vance Counties, in such manner and by such method as may be agreed upon."

Soon after the election of commissioners for the county of Vance, the Board of Commissioners of the county of Granville appointed a commissioner, charged with authority to act conjointly with a like commissioner to be appointed by the Board of Commissioners of the county of Vance in settling the matters and things mentioned and referred to in the statutory provision above recited; but the latter board had not appointed such like commissioner, or suggested or proposed any manner or method of making such settlement at the time this action was brought, on the 4th day of September, 1882. The statute above cited was ratified on the 5th of March, 1881.

The plaintiff board alleged, in its complaint, that the county of Granville owed an outstanding public debt specified at, and next before, the enactment of the statute above cited; that it had appointed a commissioner as above stated; that the defendant had refused to appoint a like commissioner, or to take any action looking to a settlement of the

matters and things mentioned and referred to in the above cited section of the statute, as therein contemplated; and it demanded judgment as follows:

1. That an account may be taken by and under the order and direction of the Court, so as to ascertain and determine the true amount of the public debt of the said county of Granville contracted before, and outstanding at the time of the passage of the said act, and of the interest thereof, and also the proper proportion thereof of that portion of the citizens and taxable property taken from the county of Granville and attached to the county of Vance as aforesaid, within the meaning and intent of the said act, or that the same may be ascertained and determined in such other manner as the Court may think proper to direct.

2. That the plaintiff may have judgment for the proportion aforesaid of the said public debt of said county of Granville, when ascertained and determined as aforesaid, and interest on the same, and for costs of suit.

3. That the defendant may be compelled, by writ of *mandamus*, to levy and collect, according to law, on the taxable polls and property of that portion of the said county of Vance which was taken from the said county of Granville and attached to the said county of Vance as aforesaid, sufficient taxes for the payment of the said judgment, and to apply the said taxes, when collected, to the payment of the same.

4. That the plaintiff may have such further or other relief as the nature of the circumstances of this case may require and to the Court shall seem meet.

The defendant, in its answer, admitted the right of the plaintiff to have an account taken; denied that the outstanding debt was such or so much as alleged in the complaint; that it had refused to take proper action as contemplated by the statute; averred its readiness to take such action at all proper times, and submitted to the Court its readiness and willing-

ness to take such action as might be proper, &c.; and it alleged that it was entitled to have certain real estate, not necessary for public purposes of the plaintiff, sold, and the proceeds of sale applied in part payment of such outstanding debt, &c. The plaintiff filed its reply, denying the defence alleged.

Afterwards, by consent of the parties, "all the matters of controversy in the action" were referred to referees. Their findings of fact were to be "final and conclusive," and reported; and they were to state separately their conclusions of law, and all questions and issues of law raised—these to be reviewed and affirmed or reversed by the Court, &c.

Afterwards the referees made an elaborate and detailed report, and with a view to present certain questions of law raised, among other things, reported as follows:

" By request of the counsel of defendants, in order to enable the defendants to raise and present the questions of law hereinafter mentioned, and with the consent of the counsel of the plaintiff, the undersigned report the following:

"1. That during the month of May, 1881, the Sheriff and Treasurer of said county of Granville, under an order made by the Board of Commissioners of said county, on the 7th day of December, 1880, paid the sum of $3.450.42 out of the tax levy of 1880 upon the judgments rendered and docketed prior to March 5th, 1881, against the Board of Commissioners of said county of Granville, which judgments are charged in this account, without credit for such amount, and the same was allowed him on the 17th day of May, 1881, upon an examination of his account at that date by the Finance Committee of the Board of Commissioners of said county of Granville.

"2. That the Board of Commissioners of said county of Granville expended out of the taxes collected on the tax levy of the year 1880 the sum of $2,700 for the current

expenses of said county from the 5th day of March, 1881, to September the 1st, 1881.

"3. That on the settlemeat of the Sheriff and Treasurer of said county of Granville for the tax levy of the year 1880, which settlement was made September the 1st, 1881, there was a balance of cash in his hands of $9,260.60, after deducting Schedules B and C, including $200 of the tax levy of 1879.

"5. That on the 5th day of February, 1879, the Justices of said county of Granville directed the Commissioners of said county to make sale of a portion of the poor-house lands of Granville County unnecessary for pauper purposes; that in pursuance of this direction the said Commissioners ordered such sale November 17th, 1879, and the same was made and reported December 15th, 1879, and ratified by said Commissioners the 6th day of January, 1880; that the sale was reported to the Justices, who refused to confirm the same; that no further steps were taken towards making sale prior to the 5th day of March, 1881, but that sale has since been made of a portion of said poor-house lands under an order made since the 5th day of March, 1881, by Justices of the Peace and the Commissioners of Granville County; that the land thus ordered to be sold November 17th, 1879, was reasonably worth the sum of $5,000, and a copy of the order of the Commissioners directing said sale is hereto annexed.

"7. That amongst the county orders hereinbefore mentioned as issued after the 5th day of March, 1881, for debts contracted before the 5th day of March, 1881, and existing and outstanding against Granville County at that date, and which are included in the amount of indebtedness hereinbefore mentioned as existing and outstanding against the county of Granville on said 5th day of March, 1881, was a county order, No. 196, for $158.89, issued to Robert Garner on the 5th day of July, 1881, for stationery furnished the county of Granville for the year 1880, and that said order was allowed

said Garner as a credit in the settlement on 1st September, 1881, of his collections of taxes under the tax levy of the year 1880."

The counsel of the defendants insisted, as matter of law, that before estimating the said townships' proportion of the public indebtedness aforesaid of the county of Granville, existing and outstanding on the 5th day of March, 1881, there ought to be deducted therefrom the said sum of $3,450.42, paid after the 5th day of March, 1881, upon judgments rendered and docketed before said 5th day of March, 1881, as aforesaid; also the said sum of $2,700 expended for current expenses of the county of Granville from 5th day of March, 1881, to September 1st, 1881, out of the taxes collected on the tax levy of the year 1880 as aforesaid; also the said sum of $5,000 (value of the lands ordered 14th day of November, 1879, to be sold as aforesaid; also the said sum of $9,260.60 (balance of cash in hands of said Robert Garner, as Sheriff and Treasurer, on settlement made 1st September, 1881, as aforesaid); also the said sum of $1,000 (value of the portion of lot leased by the Commissioners of Granville County to the Commissioners of the town of Oxford as aforesaid); also the said sum of $158.89 (amount of county order No. 196, issued to Robert Garner the 5th day of March, 1881, allowed him as a credit in settlement on 1st September, 1881, aforesaid); all of which sums amount to _____

The plaintiffs' counsel insisted the contrary, and it being a mere question of law upon the facts stated herein, the undersigned, who are unable to agree on any of these questions of law, submit it for decision to the Court.

Defendants also denied their liability for any costs upon judgments rendered since March 5th, 1881; and this, with other questions of law, is left to the Judge.

The defendant filed several exceptions to the above part of the report, assigning as error that the referees had failed

and refused to decide each of the questions of law in its favor; and it further excepted, as follows:

"8. That said referees do not find as a fact, as, from the evidence, they should have done, that county orders, juror and witness tickets referred to them as having been issued subsequent to March 1, 1881, together with other orders, juror and witness tickets included in their statement of the outstanding indebtedness, were for the current expenses of said county for the fiscal year ending June 30, 1881, covered by and paid out of the tax levy for 1880, and ascertain the amount thereof, and state their conclusion of law therein."

(It is admitted that the statement of indebtedness included orders, juror and witness tickets, being part of the current expenses of Granville for the year ending June 30, 1881.)

The Court gave judgment for the plaintiff, and the defendant, having excepted thereto, appealed, assigning error as follows:

"The defendant excepted to the judgment, and, for ground of exception, says, that the Court erred in overruling exceptions 1, 2, 3, 4, 5, 6 and 8 to the referee's report."

*Mr. R. W. Winston*, for plaintiff.
*Messrs. C. M. Cooke, T. M. Pittman* and *T. C. Fuller*, for defendant.

MERRIMON, C. J —after stating the facts: The defendant contended in this Court that the complaint fails to state facts sufficient to constitute a cause of action, and, therefore, the action must be dismissed. This objection is unfounded in any aspect of it. The parties have corporate capacity to sue and be sued, and the plaintiff may maintain an action against the defendant as to any cause of action against it it may have, of which the Court ordinarily has jurisdiction. It certainly has the right to have its cause of action and rights in and about the same, when denied and withheld,

litigated, settled, enforced and administered by appropriate
judicial procedure—certainly in all cases where some par-
ticular effectual method of redress is not prescribed.

Clearly, the plaintiff alleges a cause of action. As to that
part of the county of Vance taken from the county of Gran-
ville, the statute creating the former county provides, as it
might do, that "the citizens and taxable property" therein
"shall not be released from their proportion of the outstand-
ing" public debt of the county of Granville; and it pre-
scribes further, that such proportion of that debt shall be
ascertained and determined by certain County Commission-
ers "in such manner and by such method as may be agreed
upon." Thus, an important pecuniary liability to, and in
favor of, the county of Granville was continued, to be settled
and determined in the way prescribed. But the Commis-
sioners directed and required to ascertain and determine
that liability failed, neglected and refused, as is alleged, to
ascertain and determine the same. Has the county of Gran-
ville no redress in such case? Has the Court no jurisdic-
tional authority to compel the defaulting Commissioners to
a discharge of the duties imposed upon them by proper
action and the application of pertinent principles of law and
equity? The very purpose of the Court is to afford appro-
priate remedy and grant relief. Such actions in cases in
many respects like this have been oftentimes entertained.
*The Code*, §§ 702–705; *Commissioners* v. *Commissioners*, 79
N. C., 565.

It was further objected, that the statute provides that
"said proportions (of the outstanding debt of the county of
Granville), to be ascertained and determined by the County
Commissioners of Granville, Franklin and Vance counties,
in such manner and by such method as may be agreed
upon," and that the Commissioners of the County of Frank-
lin were not called upon to join in the discharge of such
duties, and are not parties to this action. We think that

this clause, properly interpreted, implies that the Commissioners of Vance and the Commissioners of Granville should have co-operated, for the purpose specified, as to the claim of Granville County, and the Commissioners of Vance and Franklin counties, as to the like claim of Franklin County. The purpose was to ascertain and determine the claims of Granville and Franklin counties, respectively and distinctly. Each of these counties had no interest in the claim of the other, but the county of Vance, as to parts of its citizens and taxable property, was interested adversely to Granville and Franklin counties, not jointly, but severally and distinctly. In the nature of the matter, there was no substantial reason why the commissioners of the three counties should co-operate conjointly for the purpose specified; there was substantial reason why the Commissioners of the county of Vance should act conjointly with the Commissioners of Granville County, as to the claims of that county, without regard to the similar claim of Franklin County. This interpretation is not unreasonable, and it seems that the parties acted upon it, certainly to some extent. Moreover, the defendant, in its answer, submits to have the matters in controversy settled by this action.

The fifteenth section of the statute recited above provides, that "that portion of the citizens and taxable property taken from the counties of Franklin and Granville and attached to the county of Vance, shall not be released from their proportion of the outstanding public debts of the said counties *contracted before* the passage of this act." This provision created no new or additional liability; it simply continued an existing one, for the present purpose, as to the outstanding public debt of the county of Granville contracted before the enactment of this statute, the 5th of March, 1881. As to this debt, that part of the county of Granville which became a part of the county of Vance, the citizens and taxable property embraced by it, continued to be, in effect, a part of

the county of Granville. The intention was that the liability should continue to exist just as if the citizens and taxable property were still, and notwithstanding the erection of the county of Vance, part of the county of Granville. *Commissioners* v. *Commissioners*, 79 N. C., 565. And in ascertaining and determining the proportion of the debt to be paid by the citizens and taxable property so in the county of Vance, they should be treated as if in Granville County; they are neither to be favored nor discriminated against in ascertaining the outstanding debt, or the part of it, to be paid by them.

We are of the opinion that the exception of the appellant as to the sum of $3,450 42, paid after the 5th of March, 1881, upon judgments rendered and docketed before that date, must be sustained, because the money so paid was part of the taxes due and collected in, and as for, the year 1880. This sum of money, above that necessary to pay the current expenses of the county, was properly applicable to the payment of such judgments. The tax-payers represented by the defendant paid the part thereof due from them, and for that purpose, just as did the other tax-payers of the county.

And so, also, and for the like reason, the exception as to the sum of $9,260.60, part of taxes collected in 1880, balance in hands of the County Treasurer on the 1st of September, 1881, must be sustained. The taxes, so far as appears, levied and collected, or collectible, in the year 1880, were intended to pay the current expenses of the county, and the whole surplus was properly applicable, first, to the outstanding debt on the 5th of March, 1881, and, generally, to any debt the county owed afterwards. The law contemplates that taxes shall be collected promptly, and that the money, when collected, shall be applied promptly to the payment of current county expenses, and to the payment of outstanding county debts due and payable. If the money to pay part of the debt was paid by the tax-payers as taxes, surely those

of them represented by the defendant should not be prejudiced by the delay to apply it to the payment of part of the debt until after the 5th of March, 1881. That would be rank injustice!

The exception founded upon the ground that the sum of $2,700 of the taxes of 1880 was applied to the payment of the current county expenses from the 5th of March, 1881, to the 1st of September, 1881, was not deducted in ascertaining the outstanding debt in question, cannot be sustained, because the taxes levied and collected, or collectible in 1880, were collected for, and properly applied to, that purpose. At the time the statute creating the county of Vance was enacted, this money was, in contemplation of law, designated for, and devoted to, that purpose.

The other exception, based upon the ground that the "county order" No. 196, dated and issued on the 5th of July, 1881, was not deducted from the debt in controversy, is groundless, because it appears that it was for a debt contracted before the 5th of March, 1881. It was contracted before, and properly constituted part of, the outstanding debt at that time. The order issued afterwards was merely evidence of it.

We are likewise of opinion that the exception, founded upon the ground that the sum of $5,000, the value of certain land of the county of Granville not necessary for public purposes, and which it owned in 1880, was not deducted from the outstanding debt mentioned, cannot be sustained. As we have seen, the citizens and taxable property represented by the defendant, for the purpose of ascertaining and determining their proportionate part of the outstanding debt in question, must be treated as if they and such taxable property were in, and part of, the county of Granville. So treating them, they had not the right, on the 5th of March, 1881, or at all, to have the real estate of the county, not necessary for public purposes, appropriated to the payment

of its outstanding debts. The law does not so appropriate it, specifically and necessarily. This could be done only at the instance of a creditor, in some appropriate way, or by the properly constituted authorities of the county. Its real estate referred to belonged to it for such lawful purposes as its constituted authorities might select, and they have the authority to determine when, and how, and to what purpose they will devote it. There is nothing in the statute creating the county of Vance that, in terms or by any reasonable interpretation, implies a purpose to devote or direct the appropriation of the property mentioned of the county of Granville to the payment of its debts; nor does any purpose appear to give the tax-payers represented by the defendant any benefit of it in decreasing the amount of the outstanding debt, part of which they are required to pay, nor to secure to them any part of it, in any way, for any purpose. They had no more right to have this property applied in payment of the outstanding debt on the 5th of March, 1881, than other citizens of the county of Granville had at that time, with whom they were on an equal footing as to the debt in question. If, subsequently, the county authorities saw fit to sell the land and pay the county debt, they might do so, but the defendant could not have benefit of such sale, because those tax-payers whom it represents were not then citizens of Granville County. In the absence of statutory provision to the contrary, when they became citizens of Vance County, they, as such, ceased to have any interest in the property of the county of Granville. *Commissioners* v. *Commissioners,* 95 N. C., 189..

It may be that, if the land had been sold prior to the 5th of March, 1881, and turned into a cash fund, devoted to no particular purpose, that the defendant could have benefit of it, on the ground that when a county owes debts and has money not needed for a particular purpose, it ought at once

to pay its creditors, but the land was not sold until after the time mentioned.

The eighth exception is without merit, because, as we have seen, the taxes of 1880, so much thereof as was neces-sary for that purpose, were properly appropriated to the payment of the current county expenses of the fiscal year 1881.

What we have said disposes of all the exceptions. There is error. The account must be re-stated in accordance with this opinion, and the judgment modified accordingly, and, as thus modified, affirmed. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.