TOWNSHIP OF CANOSIA v. TOWNSHIP OF GRAND LAKE and Others.[1]

July 5, 1900.

Nos. 12,003—(185).

| 80 | 357 |
| 83 | 334 |
| 83 | 335 |

### Division of Town under Laws 1895, c. 227—Town Bonds.

Where one town is set off from another pursuant to the provisions of Laws 1895, c. 227, the new town is not released or discharged from the payment of a debt evidenced by bonds issued prior to the separation. By express provision of the statute such town remains liable for payment. The debt is therefore the joint debt of both towns.

### Contribution.

"Contribution" is defined as a payment made by each, or by any, of several having a common interest of liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. It is well settled, for the purposes of an action to recover a proportion of the debt, whether at law or in equity, that the right of one is regarded as maturing when he has paid more than his

[1] Reported in 83 N. W. 346.

share of the debt, and until that time there is neither equitable obligation nor implied contract to make contribution.

### Judgment before Payment.

Where payment of the debt has not been made by the town issuing the bonds, it has no right to recover a money judgment against the town which has been set off, for its proportionate share of the entire indebtedness.

Action in the district court for St. Louis county for an accounting between plaintiff and defendant townships and to determine the amount of public debt including certain bonded indebtedness of plaintiff township contracted before its division and the part thereof payable by each township. The case was tried before Moer, J., who made findings of fact, and as conclusion of law found that defendant township of Grand Lake was indebted to plaintiff in the sum of $2,333.24. From a judgment entered pursuant to the findings, said defendant appealed. Reversed.

*Phelps & McManus*, for appellant.

*Fryberger & Johanson*, for respondent.

COLLINS, J.

The plaintiff township of Canosia, the defendant township of Grand Lake, and the defendant township of Dinham comprised a single statutory township in the year 1892, under the name of Canosia. Grand Lake was set off from Canosia in November, 1895, pursuant to the provisions of chapter 227 of the laws of that year. Dinham was also set off, but after the commencement of this action, and prior to the time of the trial, the organization of that town was dissolved by proceedings in district court, and it thereupon again became, and still remains, a part of the plaintiff township. The other defendants named in the complaint are alleged to be the owners of the bonds hereinafter mentioned. They are nonresidents, and were never served with summons in this action, nor did they appear therein. In 1892 the plaintiff town issued its bridge bonds, ten in number, each being in the sum of $1,000. Two have been paid by the plaintiff,—one in the year 1895, after the setting apart and organization of the town of Grand Lake; the other in the year 1897. The court below found the proportionate share of said

bonded indebtedness of the town of Grand Lake, and ordered judgment for the amount so found in favor of the plaintiff, and against said defendant Grand Lake. This appeal is from the judgment entered in accordance with said order.

Under the provisions of section 3 of chapter 227, supra, the defendant town was not released or discharged from the payment of the debt evidenced by these bonds when it was set off and organized under the name of Grand Lake, but it remained liable for such payment. The language of the statute is plain and explicit on this point. The bonds are therefore the joint debt of these two towns. Or, possibly, Canosia is the principal debtor, and Grand Lake the surety. This is not very material, however, for the question in this case is whether the judgment entered can be sustained upon the facts found. We are unable to sustain it either on principle or authority.

If the towns are joint debtors, or if plaintiff is the principal debtor and defendant a surety, the town of Canosia cannot recover or enforce a money judgment except upon the doctrine of contribution. "Contribution" is defined as a payment made by each, or by any, of several having a common interest of liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. If one pays more than he should, he may compel his codebtor to contribute his share of the money paid. But it is well settled that for the purposes of an action to recover the proportion of the debt, whether at law or in equity, the right of one is regarded as maturing when he has paid more than his share of the debt, and until that time there is neither equitable obligation nor implied contract to make contribution. The mere fact of his own liability is not sufficient to enable a party to enforce contribution. There must be a payment, or such assumption of the demand as imposes upon the claimant more than his share, and a corresponding release against those from whom he claims. Backus v. Coyne, 45 Mich. 584, 8 N. W. 694; Fletcher v. Grover, 11 N. H. 368; Bonham v. Galloway, 13 Ill. 68; 2 Wait, Act. & Def. 289.

Counsel insist upon their right to this judgment upon the ground that chapter 227, supra, specially provides that a new town shall not be released from its liability, and call attention to a number of

cases which they claim settle this proposition. Among these cases are Board v. Board, 15 Colo. 320, 25 Pac. 508; Forest v. Langlade, 76 Wis. 605, 45 N. W. 508; Forest v. Langlade, 91 Wis. 543, 63 N. W. 760; Commissioners v. Commissioners, 79 N. C. 565; Commissioners v. Commissioners, 107 N. C. 291, 12 S. E. 39. The statutes of the states in which these decisions were rendered are unlike ours, in this: That in some provision is made, upon division, for the selection of commissioners by the towns or counties interested, who have the power to settle and adjust all debts and liabilities, and to adjust and apportion all outstanding indebtedness between the old and new, while in others a tribunal already in existence is designated for these purposes. Every one of these actions was either the result of a refusal on the part of the new municipality to take part in the selection of commissioners or in proceedings had before them, or was an appeal from the determination of the tribunal authorized to adjust, determine, and apportion rights, liabilities, and indebtedness. Not one of these cases cited is in point, and not one supports the contention of plaintiff's counsel.

Our statute fails to provide any method for determining, adjusting, and apportioning the existing indebtedness as between townships which may be divided and set apart under the 1895 law. Until there is such a provision no action of the character of that at bar can be maintained, unless it be upon the ground of contribution, and, as we have seen, contribution can only be enforced after payment is made by one of the debtors. We do not wish to be understood as saying that plaintiff was not entitled to judgment for defendant town's share of the amount already paid by it upon the debt, and it is possible that the respective liabilities of these towns could have been ascertained and determined; but plaintiff town was not entitled to recover a money judgment for the share which defendant town might and could finally be compelled to pay.

Judgment is reversed, and case remanded for further proceedings, if the plaintiff be so advised.