TOWNSHIP OF CANOSIA v. TOWNSHIP OF GRAND LAKE and Others.[1]

November 7, 1902.

Nos. 13,161—(73).

**Former Appeal—New Trial.**
> On a former appeal in this case the judgment appealed from was reversed by this court, and the cause remanded "for further proceedings."    Held, upon the facts stated in the opinion, that a new trial was properly granted by the court below.

Appeal by defendant, Township of Grand Lake, from an order of the district court for St. Louis county, Dibell, J., granting a motion for a new trial.    Affirmed.

*Phelps & McManus*, for appellant.

*H. B. Fryberger*, for respondent.

BROWN, J.

Action for contribution in the payment of certain township bonds issued by plaintiff when both plaintiff and defendant comprised one organized town.    The cause was tried in the court below, and resulted in a judgment for plaintiff for the sum of $2,333.24, from which an appeal was taken to this court (80 Minn. 357, 83 N. W. 346), when the judgment was reversed, and the cause

[1] Reported in 92 N. W. 215.

remanded to the district court for "further proceedings, if the plaintiff be so advised." No proceedings were thereafter had in the district court by either party until March 1, 1902,—about two years after the cause was remanded from this court,—when plaintiff, upon affidavits and all the records and files of the action, moved the court for a new trial. The motion was granted, and defendant appealed.

The order must be sustained. By the opinion on the former appeal it was held that plaintiff was entitled to recover a certain proportion of the amount of money shown to have been paid out by it prior to the commencement of the action, but the findings of fact were insufficient to authorize the entry of judgment therefor in the court below; so it was proper that a new trial be ordered. There is nothing in the suggestion of defendant that plaintiff waived its right to a new trial by the long delay in applying for it, for no judgment was entered after the return of the cause from this court, nor has defendant been in any way prejudiced by the delay.

Whether plaintiff should be permitted to file a supplemental complaint, showing additional payments subsequent to the commencement of this action, and what defense defendant may interpose thereto if the same be permitted by the court below, are questions not before us, and we decline to give them any consideration in this opinion.

The new trial was properly granted by the trial court, and its order in the premises is affirmed.