TOWN OF PARTRIDGE v. FRED L. DENNIE.[1]

July 10, 1908.

Nos. 15,482—(1).

**New Town—Apportionment of Old Debt.**

In the absence of a statute prescribing the manner and method of adjusting township rights and liabilities respecting the payment of outstanding indebtedness in cases where a new town is organized from territory within an old town, the two corporations may adjust and apportion the same in harmony with their views of justice and fairness, and an agreement entered into for that purpose will, at least after performance by one of the towns, bind each town, though perhaps not the holders of the indebtedness thus apportioned for payment.

**Same—Payment.**

A settlement of the kind stated and the issuance of town orders in consummation thereof *held* not shown to have been illegal or void, and that the payment of the orders by the town treasurer was not therefore an unlawful disbursement of the funds of the town issuing the same.

[1] Reported in 117 N. W. 234.

Action in the district court for Pine county to recover $744.85, alleged to have been wrongfully paid to one Maurice Ring by the defendant when he was acting as treasurer of plaintiff. The case was tried before Crosby, J., who at the conclusion of plaintiff's testimony dismissed the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Fitzhugh Burns* and *S. C. Olmstead,* for appellant.

*Dodge & Tautges,* for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff, town of Partridge, was incorporated some time in January, 1901, from territory formerly a part of the town of Finlayson. Defendant, a resident banker within the limits of Finlayson, was requested to act as treasurer of the new town until some qualified person should be elected to the position. He consented to act, and there came into his hands, belonging to the town, the sum of $4,534.64. At the time of the organization of the new town there existed an outstanding indebtedness against the old town, and a controversy arose respecting its adjustment and the proportion each town should pay. It appears inferentially that this was finally adjusted by an agreement on the part of plaintiff to pay the town of Finlayson $892.85; and plaintiff's proper officers, the chairman of its board of supervisors and its town clerk, issued three orders on its treasurer, fair on their face, for the aggregate amount above stated, payable to the town of Finlayson. Subsequent negotiations between the officers of the two towns resulted in reducing this amount to $744.-85, which, upon the presentation of the orders, defendant paid to the chairman of the board of supervisors of the town of Finlayson.

Plaintiff thereafter brought this action to recover the amount so paid by its acting treasurer, on the theory that the attempted settlement and adjustment of the outstanding indebtedness of the old town was void and of no force, and that the orders in question were illegal and no justification for the payment made by him. At the conclusion of plaintiff's evidence, which fairly disclosed the facts stated, the court on defendant's motion dismissed the action on the ground that plaintiff had failed to make out a case. Plaintiff appealed from an order denying a new trial.

1. The action was properly dismissed. It affirmatively appears from the record that defendant, as acting treasurer of plaintiff, paid out the money sought to be recovered upon orders issued by its proper town officers to an officer of the town to which the orders were payable. The burden to show that the payment was illegal—i. e., that the orders were not drawn in discharge of a legal obligation of the town—was upon plaintiff. Presumptively the orders, being regular on their face, were properly issued, and defendant should be protected in their payment, unless the contrary be affirmatively shown. Sweet v. County Commrs. of Carver County, 16 Minn. 96 (106).

The evidence upon the question is very meager. It fairly appears, however, as already stated, that on a division of the two towns the town of Finlayson claimed that the plaintiff town should pay as its share of the outstanding indebtedness of the old town the amount actually paid by defendant upon the orders mentioned. We have no statute in this state providing a method of settling and adjusting differences of this character, arising on the organization of a town out of territory embraced within an existing town. The law provides, however, that the separation shall not relieve the new town from its proportion of the existing indebtedness, but prescribes no method for its division or apportionment. Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 83 N. W. 346. In this situation it is clear that the interested towns through their proper officers may, as between themselves, adjust and settle their respective rights and liabilities on such terms as they deem fair and just; and an agreement entered into for that purpose will be valid and binding upon each town, at least after performance by one of the towns, though perhaps not as to holders of the indebtedness. Hall v. Baker, 74 Wis. 118, 42 N. W. 104.

The evidence fairly establishes this state of affairs in the case at bar, and confirms, rather than condemns, the legality of the orders in question. If it be conceded, however, that the evidence does not fully disclose the facts stated, then plaintiff is wholly without standing in court, for the presumptive validity of the orders will, in the absence of evidence showing their illegality, prevail.

2. Plaintiff is in no position to be heard on the further claim that the money, conceding the validity of the orders, was improperly paid

to Ring, chairman of the board of supervisors of the town of Finlayson, the payee. This requires no extended discussion. If the orders were properly issued, and, as already stated, the evidence does not show to the contrary, the money belonged to Finlayson, and it is a little difficult to understand upon what theory plaintiff can recover it. It has no title or right to it, and cannot claim its return, even though its treasurer may have paid it to the wrong party. That is a matter upon which the town of Finlayson has the sole right to be heard. Plaintiff fully performed its part of the settlement when its officers issued and delivered to that town orders on its treasurer for the amount found due it.

Order affirmed.