Howard G. DIXON, Homer Denno, Albino Zanchettin, Fred R. Harris, Joseph F. Walker, Arthur W. Rankin, Lehman H. Mengel, Karl G. Strickler, Plaintiffs,

v.

NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, Defendant and Third-Party Plaintiff,

v.

John B. DRAKE et al., Third-Party Defendants.

No. 4–66–Civ–65.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 2, 1967.

Wright Brooks, Minneapolis, Minn., for defendant and third-party plaintiff.

Robert Henson, Minneapolis, Minn., for third-party defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

The question for decision now arises on the motion of the five third-party defendants to dismiss the action against them because of claimed lack of jurisdiction over them—a jurisdiction which is asserted by the service of process upon each of them outside of Minnesota under the claimed authority of the new Minnesota long-arm statute, Minnesota Laws 1967, Chapter 427, M.S.A. 543.19, effective May 15, 1967.

In the main action several former employees of Johnson, Drake & Piper, Inc., a Minneapolis-based contracting firm, have sued the Northwestern National Bank of Minneapolis, which acted as trustee for certain assets administered by a profit-sharing committee of Johnson, Drake & Piper, Inc., on the theory that Northwestern National Bank breached its fiduciary duty in investing assets of the profit-sharing fund in certain preferred stock of Johnson, Drake &

Piper, Inc. and in distributing such stock, rather than cash, to the plaintiffs. The Northwestern National Bank takes the position that its action in these respects was taken at the direction of, and solely as an agent for, the profit-sharing committee, and that if it be held liable for such conduct, it should be indemnified by the members of the profit-sharing committee. Hence its action in seeking to join the 5 named third-party defendants.

The principal contention of the third-party defendants on the motion to dismiss is that although each of them was served after the enactment of Laws 1967, Chapter 427, the cause of action arose before the enactment of that law and to sustain jurisdiction upon such service would be to afford retroactive effect to the statute, contrary to established principles of law, and particularly to M.S.A. 645.21, a statutorily expressed policy against retroactive construction of legislative enactments.

■ It is clear that absent a contrary indication by the Legislature a law is not to be construed retroactively. Minnesota Statutes Annotated 645.21 provides that:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

Two Minnesota Supreme Court decisions give voice to this principle. Chapman v. Davis, 233 Minn. 62, 45 N.W.2d 822 (1951), and Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497 (1951).

The third-party plaintiff, Northwestern National Bank of Minneapolis, contends, however, that the application of the newly enacted long-arm statute to these third-party defendants would not give the statute a retroactive effect and urges in support thereof Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670 (1959) and Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965). These cases do hold the non-retroactivity principle to be inapplicable. Each is a tort action, however, and the claimed wrong in each of them did not arise until after the pertinent jurisdictional long-arm statute was enacted, although the sales of arti-

cles causing the injury were made before the single-act statute was enacted.

Northwestern contends that its cause of action against the third-party defendants for indemnity did not arise before May 15, 1967, the date of the enactment of the new long-arm statute, but will only arise, *in futuro*, if the plaintiffs recover against it.

It is established law in Minnesota that a claim for contribution or indemnity does not accrue until the person entitled to the contribution or indemnity has sustained damage by paying a loss or discharging a liability that should properly be the responsibility of another. Township of Canosia v. Township of Grand Lake, et al., 80 Minn. 357, 359, 83 N.W. 346 (1900); Gustafson v. Johnson, et al., 235 Minn. 358, 364–365, 51 N.W.2d 108 (1952). It thus appears to the Court that no problem of retroactivity is present because Northwestern National Bank's cause of action did not accrue prior to the enactment of the statute on May 15, 1967, but will only occur in the future when, if ever, liability is established by the plaintiffs as against the bank. And it is permissible for the Northwestern National Bank as defendant in the main action to proceed now under Rule 14 to join the third-party defendants who, in the terminology of the rule " * * * may be liable" to them " * * * for all or part of the plaintiff's claims" against the defendants. Of course, one of the many laudable objectives of the Federal Rules of Civil Procedure is to avoid multiplicity of suits and to provide, where possible, for a determination of as many related claims as possible in one action. That was one of the purposes of Rule 14 and hence it is proper for the Northwestern National Bank to join these 5 third-party defendants who "may be" liable to them.

I conclude that the defendant's asserted cause of action against the third-party defendants did not accrue or arise prior to May 15, 1967, the enactment date of the new long-arm statute, and hence that there is no violation of the statutory principle against retroactive construction stated in M.S.A. 645.21.

Other arguments are urged by the third-party defendants in support of their motion to dismiss, but as to them the Court is satisfied that the cases of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965), support the conclusion, under the facts here reflected, that the defendant's contacts with Minnesota were such as to justify the conclusion that it is consistent with fair play and substantial justice for the Court to recognize jurisdiction.

The claims against these third-party defendants arise out of action taken in this state by the Board of Directors and by the profit-sharing committee of Johnson, Drake & Piper, Inc., of which committee the 5 third-party defendants were members, with regard to trust assets administered in this state by the bank as trustee.

It is clear that each of the five had a part either in person or through an agent in the transaction of business within the State of Minnesota out of which the claim against the defendant has arisen, and upon which the bank's claim for indemnity against these 5 third-party defendants arises. The bank's position is that it was merely an agent of the profit-sharing committee, and carried out the orders of that committee, and that if any liability flows from such conduct it should be borne, not by the agent bank, but by the principal—that is, the profit-sharing committee which directed the action.

It appears to me that each of these 5 named third-party defendants did engage, either in person or through an agent, in the transaction of business within this State within the meaning of Laws 1967, Chapter 427, and because of that became amenable to process.

Motion of the third-party defendants for dismissal is denied.