In re William A. WESTERHOFF and Barbara A. Westerhoff, Debtors.

William A. WESTERHOFF and Barbara A. Westerhoff, Plaintiffs,

v.

Richard L. SLIND and Mary M. Slind, Defendants.

Bankruptcy No. 3–80–01639.
Adv. No. 81–0085.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Oct. 6, 1981.

James A. Wellner and Barry W. McKee of Crawford & Anderson, West St. Paul, Minn., for plaintiffs.

Michael D. Schwartz of Larkin, Hoffman, Daly & Lindgren, Bloomington, Minn., for defendants.

JACOB DIM, Bankruptcy Judge.

A motion to dismiss was filed by the defendants just prior to trial. The defendants assert that the complaint which seeks contribution from the defendants fails to state a claim for which relief can be granted.

■ The motion of the defendants would be untimely in normal circumstances. Rule 12(c) requires that such a motion be made "within such time as not to delay the trial". The court entertains this motion only because the issue involved was previously raised in pretrial conferences and the court requested legal briefs on the issue. Judicial economy requires the court resolve this legal question prior to any trial on the merits.

Plaintiffs seek contribution from the defendants for an allegedly joint obligation. Plaintiffs admit in their pleadings that more than 50% of the amounts due remain outstanding. What the plaintiffs seek is an order that each monthly payment entitles them to contribution from the defendants.

The motion of the defendants is grounded on the premature nature of the cause of action. The defendants assert that the plaintiffs have no actionable claim until the plaintiffs have paid more than their proportional share, 50%. They assert that the plaintiffs have not paid more than 50% of the amounts outstanding.

■ The general rule of contribution is that the claim does not mature until the claimant has paid more than the proportionate share. *Farm Bureau Mutual Ins. Co. v. Milbank Mutual Ins. Co.*, 284 N.W.2d 180 (Minn.1970); *Township of Canosia v. Township of Grand Lake*, 80 Minn. 357, 83 N.W. 346 (1900). It has been acknowledged in this circuit, *Minneapolis, St. Paul and Sault Ste. Marie Railroad Co. v. City of Fond Du Lac*, 297 F.2d 583 (8th Cir. 1961); and in this district, *Dixon v. Northwestern National Bank of Minneapolis*, 275 F.Supp. 582 (D.Minn.1967).

The logic of this rule is evident. The obligors are jointly liable. The obligee can look to either for full satisfaction, but, as between each other, they owe individually only their proportionate share. Thus the plaintiffs have not paid any of the defendants' obligation until they have paid more than half of the obligation.

Furthermore this rule prevents multiplicity of actions for contribution. If each party could sue for contribution for every payment regardless of how much had been paid, there could be one lawsuit for each party and each payment.

The plaintiffs argue that each payment made constitutes an obligation for which the right of contribution arises. The plaintiffs cite *Township of Canosia*, supra, in support of this contention. In that case, separate notes were issued, creating separate obligations. The right to contribution arose only as to the obligations paid in full by the plaintiff in that case.

■ In the instant case, the plaintiffs seek contribution on two notes: the DeLaria Note for $110,700.00 on which $17,635.57 has been paid; and, the St. Anthony Park Note for $50,000.00 on which $20,000.00 has

been paid. On neither note have the plaintiffs paid more than their share. The monthly payments are not the obligations but merely a method of payment. The situation is not comparable to that in *Township of Canosia*, supra. Nor is it comparable to a rental situation, where each rental period gives rise to a new obligation. *Merrimac Mining Company v. Gross*, 216 Minn. 24, 12 N.W.2d 506 (1944).

The plaintiffs have no cause of action against the defendants until such time as they have amerliorated the defendant's liability under the note. The action is premature. Until the plaintiffs pay more than their proportionate share, no cause of action exists.

Now Therefore, IT IS ORDERED that the complaint of the plaintiffs, William A. Westerhoff and Barbara A. Westerhoff and the counterclaim of the defendants, Richard L. Slind and Mary M. Slind are dismissed without prejudice.