HENRY GUGISBERG v. GEORGE ECKERT.[1]

May 17, 1907.

Nos. 15,201—(97).

**County Ditch—Bond for Expenses.**

The obligors upon a bond given under Laws 1901, p. 413, c. 258, to secure the county against liability for expenses incurred in proceedings to establish a drainage ditch in the event that the petition for the ditch is denied, cannot be required to pay such expenses in proportion to the amount of benefit which each would have received, had the ditch been ordered and constructed.

**Same.**

Where five petitioners for a drainage ditch sign the bond as principals, each is liable to pay one-fifth of the preliminary expenses, regardless of the benefits which it appears from the viewers' report he would have received, had the ditch been constructed.

Appeal by plaintiff from a judgment of the district court for Sibley county entered pursuant to the order of Morrison, J., granting a motion for judgment on the pleadings upon appeal by plaintiff from justice court. Affirmed.

*Albert L. Young,* for appellant.

*A. V. Rieke,* for respondent.

ELLIOTT, J.

The appellant and respondent, together with three other landowners, petitioned the board of county commissioners for the establishment of a public ditch under the provisions of chapter 258, p. 413, Laws 1901, and filed the petition with the auditor as required by law. For the

[1]Reported in 111 N. W. 945.

purpose of complying with the statute, all of the petitioners signed a bond conditioned to pay the preliminary expenses in case the board of county commissioners or the court should fail to establish the proposed ditch. The statute provides that "one or more of such petitioners shall give bond with good and sufficient freehold sureties payable to the county, to be approved including amount and sureties, by the auditor, conditioned," etc. Each of the parties signed the bond in question as a principal. There were no sureties, but the bond was otherwise in proper form, and was approved by the auditor, and no question can now be raised as to its sufficiency. Notice of the petition was given, and after a hearing such proceedings were had that an engineer made a survey of the proposed ditch and viewers were appointed, who made assessments for benefits and damages and duly filed their report.

After consideration of the matter the county commissioners refused to establish the ditch, and from their action no appeal was taken. The expenses connected with the proceeding amounted to $540, which were paid by the county. Had the ditch been established, the benefits above damages to the persons who signed the bond would have been as follows: Gugisberg (appellant), on fifteen acres, $300; Eckert (respondent), on seventy seven acres, $1,540; Stadtherr, on fifty seven and a half acres, $1,150; Lager, on sixty acres, $1,200; Dahl, on thirteen acres, $235. The county, after paying the expenses, demanded from each of the signers of the bond the payment of the $540 in the proportion that his amount of benefit, had the ditch been established, bore to the total amount of benefits assessed against all of such persons. Thus estimated, the payments would have been: Eckert, $187.93; Gugisberg, $36.61; Stadtherr, $140.34; Lager, $146.44; Dahl, $28.68. Stadtherr, Lager, and Eckert refused to pay upon this basis, but later they and Dahl each paid $108, being one-fifth of the total, $540. After these payments were made, Gugisberg also paid $108 under protest, and then brought this action against Eckert to recover $37.86 by way of contribution. Eckert, in his answer, alleged that his obligation to the county had been discharged, and denied any liability to the plaintiff. The court granted a motion by the defendant for judgment on the pleadings, and the plaintiff appealed from the judgment entered thereon.

The appellant claims that, when two or more persons whose land will be affected by or assessed for the construction of a county ditch, as principals, sign a bond to secure the payment of the preliminary expenses, and the petition is denied, the expenses must be paid in proportion to the amount of benefits that each obligor would have received, had the ditch been ordered and constructed.

The bond which is called for by section 2, p. 413, c. 258, Laws 1901, is required for the protection of the county against the expenses which are necessarily incurred in the preliminary proceedings, which are necessary to determine whether the ditch shall be established. It is required to be signed by one or more of the petitioners; that is, of the landowners whose land will be affected by or assessed for the expenses of· constructing the ditch. Good and sufficient freehold sureties are required, but the sureties need not be persons whose land will be so affected. The bond in question was signed by five of the petitioners, all of whom were freeholders, who evidently could have qualified as sureties. It is not now material whether the signers of this bond are treated as principals or sureties. As between the county and the obligors, each was liable for the entire amount of the expense, and, had either paid the entire amount, he could on general equitable principles have required his co-obligors to contribute his proportion. The general rule is that, where two or more persons are jointly, or jointly and severally, bound to pay a sum of money, and one or more of them pays the whole, or more than his or their share, and thereby relieves the others from their liability, those paying may recover from those not paying the aliquot proportion which they ought to pay. The persons not paying, but being relieved from a positive liability by a payment made by others, who were bound with them, are held to be under an implied promise to contribute each his share to make the whole sum paid. This rule applies equally to those who are bound as original co-contractors and to those who are bound to pay the debt of another or answer for his default as co-sureties. 1 Parsons, Cont. (5th Ed.) 31.

But the appellant is not satisfied with this rule, and claims that contribution should be made in proportion to the prospective benefits which would have resulted to the obligors if the petition had been granted and the ditch constructed. The right of contribution rests, not upon the original contract between the parties, but upon the relation created

thereby between parties who are bound by a common obligation and the contract, implied therefrom, of discharging such obligations equally. This original contract obligated each of the persons who signed it to pay to the county all of the expenses which might be incurred in the preliminary work of determining whether the petition for establishing the ditch would be granted. The bond was a matter separate and distinct from the petition. It was required to be signed by but one of the petitioners, with sufficient sureties, who might or might not be interested in the ditch. The liability incurred by the obligors was common to all, and when the common obligation was discharged, and each obligor had paid an equal share thereof, all the requirements of equity were met. We cannot see that the report of the viewers with reference to the benefits—purely contingent and never realized—which the different landowners would have received from the ditch affects the relation which existed between the obligors on this bond, or raises any equities between them. If the ultimate distribution of the burden was made to depend upon the apportionment of benefits, it would follow that only those who would have been benefited would be required to bear any portion of the burden. As between the obligors, the entire expense of the preliminary proceedings might thus be required to be borne by a single obligor, who alone, according to the assessment, would be benefited by the ditch. If the proceedings were abandoned after some expense had been incurred, but before an assessment of benefits had been made, a different rule would necessarily prevail. The question of benefits is too uncertain and contingent to be made the basis for contribution. The cases cited by appellant sustain the general principle for which he contends, but the facts are not such as to render them of value in this connection.

Judgment affirmed.