COUNTY OF FREEBORN v. O. K. HELLE and Others.[1]

July 10, 1908.

Nos. 15,753—(183).

**Ditch Bond—Liability of Obligors.**

Action upon a ditch bond, given pursuant to Laws 1901, c. 258, § 2. The trial court found that the board of county commissioners, upon a hearing on the petition for the ditch, made its order establishing it on the merits of the petition. The order was valid on its face. In an independent action, to which neither the obligors on the bond nor the petitioners were parties, the order was vacated, not for any fault or neglect of the petitioners or the obligors, but solely for an alleged failure of the board of county commissioners to comply with the law in respect to an adjournment of the hearing on the petition. *Held*, that the facts found do not show a failure to establish the ditch, within the meaning of the statute and the condition of the bond.

Action in the district court for Freeborn county to recover $400, the amount of a bond given by defendants to pay all expenses in case

[1] Reported in 117 N. W. 153.

of failure to establish a county ditch petitioned for. The case was tried before Kingsley, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Norman E. Peterson,* for appellant.
*Morgan & Meighen,* for respondent.

START, C. J.

On February 26, 1903, the defendant O. K. Helle and other landowners presented to and filed with the auditor of the plaintiff county their petition for the construction of a public ditch, pursuant to Laws 1901, p. 413, c. 258. Thereupon the defendant O. K. Helle, as principal, and his codefendants herein, as sureties, executed a bond in the penal sum of $400 to the plaintiff, as provided by the statute, conditioned that the obligors should pay all expenses in case the board of county commissioners should fail to establish the proposed ditch. This action was brought in the district court of the county of Freeborn upon the bond to recover $400, the expenses incurred by the county in the matter of the petition for the ditch on the ground that there had been a breach of the condition of the bond.

The answer admitted the making and filing of the petition and the execution of the bond by the defendants, and put in issue the allegations of the complaint as to a breach of the condition of the bond. This issue was tried by the court, and findings of fact made to the effect following: On May 26, 1903, the board of county commissioners made its final order, establishing the ditch and ordering its construction, wherein it was found that the allegations of the petition were true. The order was fair and unimpeachable on its face. Thereafter, and in June, 1903, an action was commenced in the district court of the county of Freeborn by a landowner against the county, its board of county commissioners, and auditor, wherein judgment on the pleadings was entered in favor of the plaintiff, vacating the order establishing the ditch. None of the obligors on the bond, the defendants herein, were parties to that action; nor did they or the petitioners for the ditch have any notice of the pendency of such action. The failure to construct the ditch, and the situation in which the ditch proceedings were left by the judgment in the former action, are attributable solely

to the plaintiff in this case. All the allegations of the petition for the ditch were true, and fully sustained the petitioners, and were so found by the board of county commissioners. The alleged defects in the ditch proceedings, upon which the judgment vacating the order establishing the ditch was based, existed, if at all, wholly by reason of the acts of the plaintiff herein, and neither the petitioners nor the obligors on the bond were in any way responsible therefor. As a conclusion of law the trial court found that the plaintiff was not entitled to recover, and directed judgment for the defendants, which was entered. The plaintiff appealed from the judgment.

There was no allegation in the complaint of any breach of the condition of the bond, other than the fact that the order laying out the ditch was vacated by a judgment in the action referred to in the findings. Nor was there any other proof of such alleged breach, except certain admissions by the parties, which were in evidence, subject to the defendants' objection that they were incompetent and immaterial. It was admitted, without objection, that all the proceedings with reference to the petition and the establishing of the ditch were regular and valid up to the day appointed for the final hearing on the petition, May 19, 1903. The board of county commissioners duly convened on that day, pursuant to legal notice thereof, and then heard all parties interested for or against the establishment of the proposed ditch. It was further admitted, subject to the objections, that the board, being satisfied that the viewers' report was erroneous, passed a resolution re-referring the report to the viewers. Thereupon all persons present were orally informed by the chairman of the board that, when it adjourned, it would be to one week later. No record of the adjournment of the hearing was then made. All of the members of the board met, on a telephone call of the county auditor, one week later, May 26, at which meeting the board made its order establishing the ditch, which was valid on its face. The irregularity as to the adjournment is the only alleged defect in the order of the board establishing the ditch.

Counsel for the respective parties have fully argued the questions whether the board lost jurisdiction of the proceedings to establish the ditch by the irregular adjournment of the hearing and whether the judgment vacating the order establishing the ditch binds the defend-

ants. It is clear that the defendants were not bound by the judgment, for they were not parties thereto, in person or by representation. They were entire strangers to the action, and wholly ignorant of its pendency. It was in no respect a part of the proceedings on the petition to lay the ditch, but an independent action; hence the case of McMillan v. Board of Co. Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, is not in point.

Whether the admission of the facts as to the irregular adjournment was admissible in evidence, and, if so, whether it shows that the order was void, was not passed upon by the trial court; but, for the purposes of this appeal only, we assume that the evidence was competent and that the order was void. The facts found by the trial court are fully sustained by the evidence, and the only question here to be decided is whether they sustain the conclusion of law and the judgment; or, in other words, do the facts show a breach of the bond?

The condition of the bond was in the words following: "Now, if the said O. K. Helle, T. J. Hellie, and William H. Anderson shall pay all expenses, in case the board of county commissioners or the district court of said county shall fail to establish said proposed ditch or drain, then the above obligation to be void; otherwise to remain in full force and virtue." This was a strict compliance with the statute (Laws 1901, p. 413, c. 258, § 2), requiring the execution of a bond by or on behalf of the petitioners for a public ditch. The purpose of the statute clearly is for the protection of the county against the expenses which are necessarily incurred in the preliminary proceedings which are essential to a determination of the merits of the petition, in case the board find against the petitioners on the merits, and fail, for that reason, to establish the ditch. Gugisberg v. Eckert, 101 Minn. 116, 111 N. W. 945. When it is made to appear to the satisfaction of the board that the allegations of the petition are true and sufficient to require the establishment of the ditch, the board is bound to make its order to that effect and assess the expenses of the proceedings against the land benefited, to the end that the county may be reimbursed therefor. The purpose of the statute and bond is to indemnify the county against the contingency of a failure by the board to establish the ditch on its merits. The law presumes that the county officers charged with any duty in connection with ditch proceedings will do their duty as required by law; hence

it would be an unreasonable and an unjust construction of the statute to construe it as providing for a bond indemnifying the county against the failure of its own officers to comply with the law.

The condition of the bond in question must be construed with reference to the statute providing for its execution; and, so construing it, we hold that the facts found in this case do not show a failure to establish the ditch, either within the meaning of the bond or the statute. It follows that the facts found do not show any breach of the condition of the bond, and that the conclusion of law of the court, and its judgment, are correct.

Judgment affirmed.