BRIGHT, Circuit Judge.
 

 William and Barbara Westerhoff appeal from the district court’s judgment affirming the bankruptcy court’s dismissal of their suit for contribution on an installment promissory note against Richard and Mary Slind.
 
 [1]
 
 Although the Westerhoffs alleged that they had repaid more than their fair share of numerous installments, both the bankruptcy and district courts held that the Westerhoffs had not stated a valid cause of action for contribution, because they had not repaid more than their fair share of the total indebtedness. We disagree and hold that the Westerhoffs have stated a cause of action for contribution on the promissory note. Accordingly, we reverse the judgment of the district court.
 

 The facts on this appeal are uncontro-verted. In 1976, William Westerhoff and Richard Slind purchased a restaurant. They both signed an installment promissory note for $110,700, and gave real property mortgages as security. The note provided that each purchaser was personally liable for the entire amount of the note. The
 
 *63
 
 purchasers agreed to make a total down-payment of $22,366.80, plus interest on the entire principal. The purchasers further agreed to make monthly installment payments of $1,071.13, beginning on February 1, 1977, and continuing through January 1, 1987. Any remaining unpaid principal or interest would also come due on January 1, 1987. The note included a standard acceleration clause; in the event of default, the holder of the note had the right to demand the entire amount of principal and interest accrued become due and payable.
 

 From February 1, 1977, through March 1, 1980, a corporation owned by William West-erhoff and Richard Slind made all of the monthly payments on the note. Thereafter, the Westerhoffs made payments on the note totalling $17,635.57. On September 22, 1980, the Westerhoffs filed a Chapter 11 petition in bankruptcy.
 
 See
 
 11 U.S.C. § 101
 
 et seq.
 
 (Supp. III 1979).
 

 In the course of their bankruptcy proceedings, the Westerhoffs brought suit against the Slinds, seeking contribution in the sum of $8,817.79.
 
 [2]
 
 The bankruptcy court dismissed the Westerhoffs’ complaint for failure to state a cause of action. The court held that the Westerhoffs would not have a cause of action for contribution until they repaid more than their proportionate share of the total obligation on the note. The Westerhoffs appealed to the district court pursuant to 28 U.S.C. § 1293 (Supp. III 1979), contending they had a present right to seek contribution. The district court affirmed the bankruptcy court’s ruling.
 

 On appeal, the Westerhoffs contend that they have a right to seek contribution from the Slinds for any monies paid on the individual installments in excess of their fair share. We agree.
 

 Minnesota law
 
 [3]
 
 imposes two threshold requirements on the right to sue for contribution: the parties must share a common liability or burden, and the plaintiff must have discharged more than his fair share of the common liability or burden.
 
 See Canosia Township v. Grand Lake Township,
 
 80 Minn. 357, 83 N.W. 346, 344 (1900). The bankruptcy and district courts held that the Westerhoffs had not stated a cause of action for contribution because they had not discharged more than their fair share of the indebtedness on the note. In reaching their decisions, both courts reasoned that any claim the Westerhoffs had for contribution would not “ripen” until they repaid more than their proportionate share of the total indebtedness.
 

 The Slinds contend that Minnesota case law supports the ruling of the district court, and requires dismissal of the Westerhoffs’ suit.
 
 See Farm Bureau Mutual Insurance Co. v. Milbank Mutual Insurance Co.,
 
 284 N.W.2d 180 (Minn.1979);
 
 Grothe v. Shaffer,
 
 232 N.W.2d 227 (Minn.1975);
 
 Milbank Mutual Insurance Co. v. Village of Rose Creek,
 
 225 N.W.2d 6 (Minn.1974);
 
 Samuelson v. Chicago, Rock Island & Pacific Railroad,
 
 178 N.W.2d 620 (Minn.1970);
 
 County of Dodge
 
 v.
 
 Martin,
 
 271 Minn. 489, 136 N.W.2d 652 (1965); and
 
 American Motorists Insurance Co. v. Vigen,
 
 213 Minn. 120, 5 N.W.2d 397 (1942). In each of the cases relied on by the Slinds, the plaintiff sought contribution on a joint obligation to make a lump sum payment. A joint obligor on a single payment obligation discharges more than his fair share of the obligation only by paying more than his proportionate share of the total obligation. By contrast, a joint obli-gor for installment payments may pay more than his proportionate share of one or several installments, and yet not pay more than his proportionate share of the total obligation.
 

 In determining whether joint obli-gors on installment payments have a right to contribution, we consider the amounts paid by the obligors
 
 per
 
 installment. A
 
 *64
 
 joint obligor need not wait until he has paid more than his proportionate share of the total obligation to sue his joint obligor for contribution on an installment.
 

 Although we have found no Minnesota cases discussing contribution in the context of an installment contract or note, we believe the Minnesota Supreme Court would allow the Westerhoffs to assert their claim for contribution. Minnesota follows the general rule that “[wjhere a money obligation is payable in installments, * * * a separate cause of action arises on each installment * * *.”
 
 Honn
 
 v.
 
 National Computer Systems,
 
 311 N.W.2d 1, 2 (Minn.1981). In the event of default, a holder of a note may, in the absence of a specific provision to the contrary, elect to sue separately on each overdue installment.
 
 Id.
 
 If a holder satisfies his claim from one joint obligor, the joint obligor may seek contribution from the remaining joint obligors, regard-’ less of the percentage of the total obligation the first joint obligor has paid. Thus, the Westerhoffs and the Slinds each have an obligation to pay a proportionate share on each installment, as well as a proportionate share of the total obligation. By alleging disproportionate payment on particular installments, the Westerhoffs have stated facts which satisfy one of the two threshold requirements for maintaining a suit for contribution.
 
 [4]
 

 Our holding is further buttressed by the equitable nature of contribution.
 
 See Hoverson v. Hoverson,
 
 216 Minn. 228, 12 N.W.2d 501, 505 (1943). As an equitable remedy, the right of contribution stems from the ideals of justice and fairness.
 
 See Employers Mutual Casualty Co. v. Chicago, St. Paul, Minneapolis & Omaha Ry.,
 
 235 Minn. 304, 50 N.W.2d 689, 693 (1951). “[Contribution does not mature until the party owing a common liability has paid more than his
 
 just share
 
 of the obligation * *
 
 Hoverson v. Hoverson, supra,
 
 216 Minn. 228, 12 N.W.2d at 506 (emphasis added).
 

 The promissory note binds both parties equally, yet the actions of the bankruptcy and district courts have placed an unequal burden on the Westerhoffs by unfairly requiring the Westerhoffs to continue paying installments before allowing them a method of seeking recovery from the Slinds. Each payment may reduce the Slinds’ possible indebtedness on the note. Moreover, every time the Westerhoffs pay an installment they prevent a default, and thereby protect the Slinds’ mortgaged property from foreclosure under the terms of the note. Requiring the Westerhoffs to confer such a benefit upon the Slinds without affording them an opportunity to seek compensation appears contrary to the principles of fairness and justice espoused by the Minnesota Supreme Court.
 

 The Slinds contend that our holding will create a flood of unwelcome multiple lawsuits between joint obligors. This argument is without merit. The fact that we have found no Minnesota cases addressing the issue of contribution in an installment payment situation leads us to conclude that this situation should not arise with great frequency in the future. Minnesota permits an obligee to bring suit against any or all obligors on each missed installment of a note or contract.
 
 See Honn v. National Computer Systems, supra,
 
 311 N.W.2d at 2. No reason exists to treat an obligor’s suit for contribution on installments any differently.
 
 [5]
 

 
 *65
 
 The Slinds also argue that the Wester-hoffs are asking this court to rewrite their original agreement. Our holding does not rewrite the parties’ agreement. “The right of contribution rests, not upon the original contract between the parties, but upon the relation created thereby between parties who are bound by a common obligation and the contract implied therefrom, of discharging such obligations equally.”
 
 Gugisberg v. Eckert,
 
 101 Minn. 116, 111 N.W. 945, 946 (1907).
 

 For the reasons stated above, we reverse the judgment of the district court. We direct the district court to vacate the bankruptcy court’s order and to remand the cause for further proceedings consistent with this opinion.
 

 [1]
 

 . William Westerhoff and Richard Slind signed the note as joint obligors while Barbara West-erhoff and Mary Slind signed the note as joint guarantors.
 

 [2]
 

 . The Westerhoffs brought their suit pursuant to 28 U.S.C. § 1471 (Supp. Ill 1979), which confers jurisdiction on the bankruptcy courts to hear and determine all matters affecting the administration of a bankruptcy case.
 

 [3]
 

 . The substantive law of Minnesota applies in this case.
 

 [4]
 

 . We emphasize that we do not reach the merits of the Westerhoffs’ claim. On remand, the bankruptcy court must determine whether the Westerhoffs have satisfied the remaining threshold requirement for bringing a suit for contribution: whether the Westerhoffs and the Slinds share a common liability or burden. See
 
 Canosia Township v. Grand Lake Township, supra,
 
 80 Minn. 357, 83 N.W. 346 at 347. Even if the Westerhoffs have stated a valid cause of action under Minnesota law, “the right to seek contribution is not equivalent to the right to recover contribution in every case.”
 
 Milbank Mut. Ins. Co. v. Village of Rose Creek,
 
 225 N.W.2d 6, 9 (Minn.1974). Thus, on remand the bankruptcy court should allow the Slinds to assert any equitable defenses they may have against the Westerhoffs.
 

 [5]
 

 . We note that even under the Slinds’ theory of the case, once a joint obligor discharges more than his proportionate share of the total obliga
 
 *65
 
 tion, he may bring suit for contribution on each particular installment.