**Mark O. SENN, Respondent,**

v.

**Larry YOUNGSTEDT, Appellant,**

**James Bartholomew, Defendant.**

No. C6–98–1320.

Court of Appeals of Minnesota.

March 9, 1999.

Richard I. Diamond, Diamond, Liszt & Grady, P.A., Minneapolis, MN (for respondent)

William R. Skolnick, Rolin L. Cargill III, Skolnick & Harris, P.A., Minneapolis, MN (for appellant)

Considered and decided by ANDERSON, Presiding Judge, HUSPENI, Judge, and HOLTAN, Judge.

## OPINION

HARVEY A. HOLTAN, Judge.*

Appellant Larry Youngstedt contends that the trial court erred in its determination that partial summary judgment was appropriate in a contribution action in which respondent Mark Senn has paid an amount totaling more than one-half of the original judgment but less than one-half of the debt owed to date. Appellant also contends that respondent should be barred from pursuing his contribution action by his unclean hands. Finding the trial court's grant of partial summary judgment proper, we affirm.

## FACTS

Appellant and respondent were business partners in the Highway 7 Partnership, which owned real estate along Highway 7 in Minnetonka. In 1992, TMG Life Insurance Company (TMG) began a foreclosure action against the partnership. In 1994, a judgment of $581,751.19 was entered in the foreclosure proceedings against appellant and respondent. Later that year, TMG's judgment was assigned to James Bartholomew.

In 1997, respondent commenced this contribution action. In March 1998, appellant's motion to dismiss the contribution action on the ground it was not ripe or because respondent had unclean hands was denied. In July,

partial summary judgment was entered in favor of respondent, and this appeal followed.

To date, appellant has contributed $201,076 toward the original judgment, and respondent has contributed $344,583. Appellant contends that certain attorney fees, primarily incurred as the result of respondent's activities, were added to the judgment in the amount of approximately $130,000.

## ISSUES

1. Is a contribution action ripe when one party has paid more than 50% of the original judgment but before either party has paid more than 50% of the amended judgment?

2. Should respondent's contribution action be dismissed because it is barred by his unclean hands?

## ANALYSIS

On appeal from a grant of summary judgment, this court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see* Minn. R. Civ. P. 56.03 (1998) (setting forth trial court's standard for summary judgment). This court views the evidence in the light most favorable to the party opposing the motion, and the nonmoving party must produce specific facts that create a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### 1. Ripeness

Both parties agree that *Canosia Township v. Grand Lake Township,* 80 Minn. 357, 359, 83 N.W. 346, 347 (1900), provides the general requirements for maintaining a contribution action. *Canosia* defines "contribution" as "a payment made by each, or by any, of several having a common interest of liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others." *Id.* The right to pursue a contribution action "is regarded as maturing when [a party] has

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

paid more than [its] share of the debt, and until that time there is neither equitable obligation nor implied contract to make contribution." *See also Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 370, 104 N.W.2d 843, 846 (1960) ("Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear."), *overruled in part on other grounds by Tolbert v. Gerber Indus.*, 255 N.W.2d 362, 368 n. 11 (Minn.1977). "Contribution rests upon principles of equity." *Hendrickson*, 258 Minn. at 370, 104 N.W.2d at 846.

■ The parties disagree about whether their common liability includes the entire, amended judgment, including interest and attorney fees, or simply the original judgment.

Appellant relies on caselaw reiterating the general rule for when a co-debtor may bring a contribution action to make his assertion that this action will not ripen until respondent has paid more than half of the amended judgment. *See, e.g., In re Westerhoff*, 688 F.2d 62, 63 (8th Cir.1982) (reciting that a contribution action ripens only when a party has paid more than its proportionate share of the "total obligation"); *Dixon v. Northwestern Nat'l Bank*, 275 F.Supp. 582, 584 (D.Minn.1967) (reciting the general rule for when contribution actions mature in Minnesota); *Grothe v. Shaffer*, 305 Minn. 17, 23–24, 232 N.W.2d 227, 232 (1975) ("A claim for contribution does not accrue or mature until the person entitled to the contribution has sustained damage by paying more than his fair share of the joint obligation."). Appellant provides no authority demonstrating that the "total" or "joint obligation" should be seen as the amended judgment rather than the original judgment.

■ Although the precise question of when a contribution action ripens has not been addressed by Minnesota courts, the court in *Westerhoff* addressed an analogous

situation when it allowed a party who had paid more than half of several installments on a debt (but not the total obligation) to maintain a contribution action. 688 F.2d at 63–64. Here, both parties agree that the original debt was $581,751, that each is responsible for half of the original debt, and that respondent has paid more than half of that debt. Because it is proper to maintain a cause of action upon paying more than a proportionate share of one or more installments of a debt, we determine that it is also proper to initiate a contribution action under these facts. The original judgment debt is a fixed, common liability.

We note, too, that we question whether, were we to adopt appellant's analysis, a contribution action could ever ripen. On these facts, interest and various attorney fees have been added and continue to be added to the debt. With this ongoing taxation of costs, it appears that there will never be a "total obligation" of the sort that appellant imagines.

Moreover, we agree with respondent that the original debt[1] best represents the parties' common liability. By appellant's admission—in fact by his preference—he feels that he is not under the same obligation to pay attorney fees as he is to pay the initial judgment. In *Canosia*, the court states that an obligation to contribute expires at "that time there is neither equitable obligation nor implied contract to make contribution." *Canosia*, 80 Minn. at 359, 83 N.W. at 347.

### 2. Unclean Hands

Appellant argues in the alternative that, because contribution is an equitable remedy, respondent should not be allowed to pursue his contribution action because he has unclean hands. But all allegations of unclean hands arise only from respondent's actions after the original judgment was entered. Because we determine that respondent can maintain his contribution action on the original debt and because appellant has initiated a separate proceeding, currently stayed, in

1. With no evidence in the record to the contrary, we assume that all prejudgment interest was also included in the original judgment.

which the parties may dispute liability for the additions to the judgment debt, we do not reach the question of whether respondent's hands are clean.

## DECISION

Respondent's contribution action ripened upon his payment of more than his proportionate, one-half share of the original judgment debt.

**Affirmed.**