

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2007

# Tavares-Castillo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tavares-Castillo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-65                                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3185

PEDRO JUAN TAVARES,
                                              Appellant

v.

ATTORNEY GENERAL USA;
IMMIGRATION & NATURALIZATION SERVICE

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-CV-00302)
District Judge: Honorable William H. Walls

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 7, 2006

Before:  BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed:  January 4, 2007)

OPINION

PER CURIAM

        Pedro Juan Tavares appeals from an order of the United States District Court for

the District of New Jersey, dismissing his civil rights complaint.  We will similarly

dismiss the appeal pursuant to 28 U.S.C. § 1915(e).

Tavares initially filed a habeas petition pursuant to 28 U.S.C. § 2241 in January 2004 in the District Court. That petition challenged his continued detention and his removal proceedings. In May of 2005, Tavares filed a civil rights complaint, alleging that the Immigration and Naturalization Service and former Attorney General John Ashcroft violated his rights in five ways: (1) by failing to properly investigate his petition for naturalization in 1976; (2) by wrongfully failing to proceed with his immigration proceedings in 1983; (3) by falsely reporting his death in 1983; (4) by delaying his immigration proceedings for six years between 1996 and 2002; and (5) by wrongfully keeping him in mandatory pre-removal-order detention without granting him a hearing pursuant to In re Joseph, 22 I&N Dec. 799 (BIA 1999), in 2002 and 2003.

In October 2005, the District Court severed and transferred to the United States Court of Appeals for the Second Circuit any claims relating to Tavares' order of removal. In March 2006, Tavares informed the District Court that he had been released from detention. Thus, in its opinion in June of 2006, the District Court dismissed Tavares' claim based on his post-removal order detention.[1] Of the remaining claims, the District Court found that all claims were time-barred, except for his civil rights challenge to his pre-removal-order detention.

The District Court noted that the United States has sovereign immunity except where it consents to be sued, and that federal employees, with very limited exceptions,

---

[1] To the extent Tavares appeals that dismissal, we hereby affirm the District Court's decision to dismiss the claim as moot.

are immune from liability if they commit negligent or wrongful acts within the scope of their employment. The District Court concluded that Tavares' claim concerning his pre-removal-order detention could proceed only if one of the exceptions to immunity found in 28 U.S.C. § 2679(b)(2) applied or if the claim was otherwise valid against the United States under the Federal Tort Claims Act. The Court found that Tavares' claims did not meet either of these prerequisites, and thus dismissed the complaint with prejudice for failure to state a claim. Tavares timely appealed.

We have little to add to the District Court's thorough opinion. We agree that all of Tavares' claims, save his claim regarding pre-removal-order detention, were time-barred. The District Court correctly applied New Jersey's two-year period of limitations to bar Tavares' claims that accrued more than two years before his complaint was filed. Montgomery v. DeSimone, 159 F.3d 120, 126 n.4 (3d Cir. 1998). Tavares' remaining claim, that his due process rights were violated by his pre-removal-order detention, is without merit. As the District Court noted, even if the Attorney General were not immune or Tavares could otherwise sue the United States, Tavares had no basis for a claim. He conceded that he had committed an aggravated felony. Thus, he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Although his detention was somewhat lengthy, it was prolonged because, as the Court noted, the proceedings involved "two rounds of IJ decisions and appeals." We agree that Tavares' complaint

fails to state a claim upon which relief may be granted.[2]

---

[2] We note that the District Court order dismissing Tavares' complaint contains the following paragraph:

> "ORDERED that the dismissals of Petitioner's civil rights claims shall count as a 'strike' for purposes of 28 U.S.C. § 1915(g) . . . ."

As Tavares was an immigration detainee and therefore not a "prisoner" for purposes of the Prison Litigation Reform Act, we hereby modify the District Court's order and delete the quoted paragraph. Andrews v. King, 398 F.3d 1113, 1121-22 (9th Cir. 2005) (dismissals of actions brought while plaintiff was in custody of INS do not count as "strikes" within the meaning of § 1915(g), so long as detainee did not also face criminal charges); Ojo v. I.N.S., 106 F.3d 680, 682 (5th Cir. 1997) (§ 1915(h) does not apply to INS detainees).