**CLD-199**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4543
_____

PEDRO JUAN TAVARES,
                                        Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND
SECURITY; BRIAN ELWOOD, Monmouth County Jail Warden;
THEODORE J. HUTTER, Passaic County Jail Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:10-cv-01328)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 2, 2013)
_____

OPINION
_____

PER CURIAM

In 2010, appellant Pedro Juan Tavares, a New York prisoner, filed a pro se civil

rights lawsuit alleging constitutional violations in connection with the many years he spent in various New Jersey and Pennsylvania immigration detention facilities. In Tavares's amended complaint, he acknowledged that the complained-of period ended in 2006. See, e.g., Am. Compl. ¶¶ 6, 21. Pursuant to its screening responsibilities under the Prison Litigation Reform Act ("PLRA"), the District Court granted Tavares's *in forma pauperis* (IFP) application and evaluated the complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court decided it was time barred and dismissed it with prejudice, but the Court also granted Tavares leave to reopen if he could demonstrate (through the filing of a second amended complaint) that his claims were timely. Tavares's motion to reopen was denied, after which he sought review from this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Our review of the dismissal order is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and our review of the denial of a request to reopen is for abuse of discretion, cf. Silberman v. Bogle, 683 F.2d 62, 66 (3d Cir. 1982). "Having granted [Tavares] leave to proceed [IFP]

---

[1] Because the District Court's September 2012 order allowed Tavares to submit a second amended complaint with a motion to reopen, which he did, the Court's November 30, 2012 order is the "final" order for the purposes of a timely appeal.

In order to forestall future confusion, we note that this lawsuit was originally docketed by the District Court under the case number "10-1328," which was used through August 2012. After September 2012, documents issued by the Court incremented the year by one, reflecting a "11-1328" case number; as a consequence, the two well-reasoned District Court opinions are cataloged on legal databases using the latter case number. To be clear: the "two" cases are in fact one and the same. Because we believe the latter number to be a clerical error—PACER reveals D.N.J. Civ. No. 11-1328 to be an entirely different case—we use the 2010 reference in our caption.

2

on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"—an appropriate path if the appeal has "no arguable basis in law or fact." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

We agree with the District Court that Tavares's complaint was facially untimely, and hence was properly dismissed. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). Even if we were to take the most charitable view of the accrual of his claims, none of the conduct alleged to be unlawful or unconstitutional in the amended complaint occurred after 2006. As the District Court explained, the statute of limitations for civil-rights suits is borrowed from the host state's personal-injury limitations period. Here, the period is two years. See, e.g., Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); see also Tavares v. Att'y Gen., 211 F. App'x 127, 128 (3d Cir. 2007) (nonprecedential per curiam) (explaining the limitations period to Tavares in a prior appeal). Tavares was given an opportunity to show that he was eligible for tolling of the limitations period or that his claims were otherwise timely, but he failed to make any such showing. Accordingly, the District Court did not err by dismissing his complaint and in denying reopening.

Thus, for the foregoing reasons, this appeal will be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i).